124 F.3d 215
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert Kelly WALTERS, Petitioner-Appellant,
v.
Ernest C. ROE, Warden; Attorney General, State of
California, Respondents-Appellees.
 No. 96-55294.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 8, 1997.**
Decided Sept. 12, 1997.
 
 Appeal from the United States District Court for the Central District of California, No. CV-95-03467-JSL(JR); J. Spencer Letts, District Judge, Presiding.
 Before: HALL, BRUNETTI, and, THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Robert Kelly Walters, a California state prisoner, appeals pro se the district court's dismissal of his 28 U.S.C. § 2254 petition for a writ of habeas corpus challenging his conviction for two counts of first degree murder. Walters contends that his constitutional rights were violated because (1) he was shackled and handcuffed at trial; (2) the trial court improperly admitted a statement obtained from him in violation of his right to remain silent; and (3) his counsel was ineffective.[1] We have jurisdiction pursuant to 28 U.S.C. § 2253. We review de novo the district court's dismissal of a habeas petition, see Duckett v. Godinez, 67 F.3d 734, 739 (9th Cir.1995), cert. denied, 116 S.Ct. 1549 (1996), and affirm.[2]
 
 
 3
 Walters first contends that his due process rights were violated when he was required to wear leg shackles during his jury trial. Although Walters asked the trial court to admonish the jury about the shackles, he did not object to being required to wear them, and he therefore waived the issue. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992).
 
 
 4
 Next, Walters contends that the trial court violated his due process rights by ordering that he have one hand handcuffed to his chair after his co-defendant (and brother) instigated an altercation in the courtroom. This contention is meritless.
 
 
 5
 Shackling is not automatically unconstitutional. See Duckett, 67 F.3d at 748. Before ordering a defendant shackled, the trial court must determine that compelling circumstances necessitate shackling to maintain courtroom security and that no less restrictive alternatives are available. See id.
 
 
 6
 Here, it is "apparent from the record" that there was a need for courtroom security, given the altercation between Walters and his brother, and that no less restrictive alternatives than handcuffing remained, given that Walters was already wearing leg shackles when the altercation occurred. See id. at 749 & n. 7 (stating that trial court is not required to state on record all reasons for imposing shackles). Accordingly, we conclude that the trial court did not violate Walters's due process rights by ordering him handcuffed to his chair.[3]
 
 
 7
 Walters also contends that the trial court violated his due process rights by admitting statements obtained in violation of his right to remain silent. Even if a Miranda violation occurred, we conclude that any error committed by the trial court in admitting Walters's statements was harmless, because the statements were exculpatory and corroborated, in part, Walters's alibi defense. Therefore, the admission of Walters's statements did not have a substantial or injurious effect or influence on the jury. See Brecht v. Abrahamson, 507 U.S. 619, 637 (1993); Pope v. Zenon, 69 F.3d 1018, 1025 (9th Cir.1996).
 
 
 8
 Finally, Walters contends that his counsel was ineffective because he allowed the police to interrogate Walters without advising him of his right to remain silent. Walters has not shown that he was prejudiced by his counsel's omission, and thus his ineffective assistance claim must fail. See Strickland v. Washington, 466 U.S. 668, 691 (1984).
 
 
 9
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4. Accordingly, appellant's request for oral argument is denied
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 To the extent Walters contends his equal protection rights were violated, we do not address this contention because he has not developed it in his brief. See Fed. R.App. P. 28(a)(6)
 
 
 [2]
 The State's argument that the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 apply to this case is foreclosed by Lindh v. Murphy, 117 S.Ct. 2059 (1997). See also Jeffries v. Wood, 114 F.3d 1484 (9th Cir.1997) (en banc)
 
 
 [3]
 To the extent Walters contends the trial court should have held an evidentiary hearing before ordering him shackled, we note that such a hearing is not required. See Duckett, 67 F.3d at 749 n. 7. We deny Walters's motion to consider on appeal an affidavit, because the affidavit was not "part of the evidence presented to the district court." See United States v. Walker, 601 F.2d 1051, 1054-55 (9th Cir.1979) (denying motion under Fed. R.App. P. 10(e) to enlarge record on appeal to include material not before district court). We also deny Walters's motion to remand to the district court for an evidentiary hearing because Walters has failed to show that the affidavit constitutes newly discovered evidence. Cf. Jones v. Aero/Chem Corp., 921 F.2d 875, 878 (9th Cir.1990) (per curiam) (setting forth test under Fed.R.Civ.P. 60(b)(2) for admission of newly discovered evidence)